# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

AARON D. WRIGHT                                          PLAINTIFF

v.                                          CIVIL ACTION NO. 4:18-CV-P140-JHM

DAIVESS COUNTY DETENTION CENTER                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Aaron D. Wright filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, Plaintiff will be given an opportunity to amend his complaint.

## I. STATEMENT OF FACTS

Plaintiff is a pretrial detainee at the Daviess County Detention Center (DCDC). He names as the only Defendant DCDC. He alleges that on October 4, 2017, while he was in isolation, "Sgt. Allen stood face to face with me while I urinated. I protested him watching me and recording me with his body cam." He states that on the next day he "filed for a P.R.E.A." He states that he feels as though Sgt. Allen "used his position, authority, and power to make me feel unsafe and ashamed." He states that he was called to Sgt. Hempfling's office to discuss the P.R.E.A., and Sgt. Hempfling told him that he should not file it because Sgt. Allen did not have his body camera on. Plaintiff alleges that he feels "as though [he] was tricked into not filing my P.R.E.A. through deception."

Plaintiff continues, "I have been sexually violated. I was watched face-to-face urinating. Either I was recorded urinating or Sgt. Allen failed to have his body cam on for my protection.

My rights weither sexually or civilly were violated no matter how this situation is approached and viewed."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The only named Defendant is DCDC. DCDC is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, it is Daviess County that is the proper defendant in this case. *Smallwood v. Jefferson*

*Cty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, Daviess County is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). The Court will therefore construe the claims against DCDC as brought against Daviess County.

When a § 1983 claim is made against a municipality, like Daviess County, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy."

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiff does not allege a policy or custom of Daviess County that is the moving force of the alleged constitutional violation. Consequently, Plaintiff fails to state a claim against Defendant.

However, the Court will give Plaintiff an opportunity to amend his complaint to name Sgt. Allen in his individual capacity as a Defendant regarding Plaintiff's claim that Sgt. Allen intentionally watched him urinate. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). The constitutional rights of a pretrial detainee like Plaintiff flow from the procedural and substantive due process guarantees of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 (1979). The passing of urine is a traditionally private function, *see, e.g.*, *West v. Dallas Police Dep't*, No. CIV. A. 3-95CV-1347P, 1997 WL 452727, at *6 (N.D. Tex. July 31, 1997); *see also Glaspy v. Malicoat*, 134 F. Supp. 2d 890, 894 (W.D. Mich. 2001) (discussing cases evidencing that the right to urinate or defecate in reasonable privacy is protected under the Fourteenth Amendment), and due process requires that a pretrial detainee not be punished. *Bell*, 441 U.S. at 537.

There is no need to allow Plaintiff to name an individual regarding his allegation that he was thwarted in his attempt to file a Prison Rape Elimination Act (P.R.E.A.) report because Plaintiff has no private cause of action under P.R.E.A. *See, e.g.*, *Beckham v. Keaton*, No. 14-CV-159-HRW, 2015 WL 1061597 (E.D. Ky. Mar. 10, 2015); *Simmons v. Solozano*, No, 3:14-CV-P354-H, 2014 WL 4627278 (W.D. Ky. Sept. 16, 2014); *Montgomery v. Harper*, No. 5:14CV-P38-R, 2014 WL 4104163 (W.D. Ky. Aug. 19, 2014).

**IT IS ORDERED** that Plaintiff shall have **30 days** from entry of this Memorandum Opinion and Order to amend his complaint to name Sgt. Allen in his individual capacity as a Defendant in this action and fill out a summons form. The Clerk of Court is **DIRECTED** to send Plaintiff a § 1983 complaint and summons form with this case number affixed thereto.

The Court **WARNS** Plaintiff that his failure to file an amended complaint and summons form as directed above **within 30 days** from entry of this Memorandum Opinion and Order will result in the entry of a final Order dismissing the action for the reasons stated herein.

Date: January 28, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009