### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF KENTUCKY
### OWENSBORO DIVISION

AARON D. WRIGHT                                              PLAINTIFF

v.                                        CIVILS ACTION NO. 4:18-CV-P140-JHM

SGT. BRANDON ALLEN                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are the motion for summary judgment filed by Defendant Brandon

Allen (DN 21) and the motion for hearing (DN 34) filed by *pro se* Plaintiff Aaron D. Wright in

response to the summary-judgment motion.  For the following reasons, the Court will grant the

motion for summary judgment and deny Plaintiff's motion for a hearing.

## I. MOTION FOR HEARING

The Court first considers whether Plaintiff's motion for hearing should be granted.

Plaintiff asks for an evidentiary hearing and requests that three Daviess County Detention Center

(DCDC) inmate eyewitnesses be subpoenaed to appear at the hearing.  He states that he has tried

to find a way to contact these eyewitnesses for statements but was unsuccessful.

The litigation history of this case as it pertains to this motion is as follows.  Plaintiff, who

at the relevant time was incarcerated at DCDC, filed a 42 U.S.C. § 1983 complaint against

Defendant, a sergeant at DCDC.  On initial screening pursuant to 28 U.S.C. § 1915A, the Court

allowed to go forward Plaintiff's claim that Defendant violated his constitutional rights by

watching him "face-to-face" while Plaintiff was urinating.

The complaint in this case was filed over two years ago.  The Scheduling Order provided

that discovery was to be completed by July 3, 2019.  In September 2019, Defendant filed his

motion for summary judgment.  When Plaintiff did not respond to the motion within the allowed

response time, the Court gave Plaintiff thirty additional days to respond and instructed Plaintiff as to the requirements to defeat a summary-judgment motion under the Federal Rules of Civil Procedure.

Rather than filing a response to the summary-judgment motion, Plaintiff filed a letter (DN 24) stating that he wished to subpoena three witnesses, housing records, and bodycam footage. By Order entered February 12, 2020, the Court construed Plaintiff's letter as a motion to reopen discovery, which was granted. Discovery was reopened until March 25, 2020 (DN 25). The Court also advised *pro se* Plaintiff that subpoenas were not necessary for the records he sought because the discovery process would be adequate to cover requests for those records and statements from the witnesses.

During that extended discovery period, Plaintiff notified the Court that he served a request for discovery on Defendant, and Defendant notified the Court that he had responded.

At the end of the extended discovery period, Plaintiff again moved to extend the time for discovery until June 2, 2020 (DN 28). The Court again extended the time to conduct discovery (DN 33) and again provided Plaintiff a 30-day period at the end of the extended discovery time to respond to the summary-judgment motion.

However, instead of filing a response, Plaintiff filed the instant motion for hearing and to have three eyewitnesses subpoenaed.

Plaintiff's motion for a hearing states that he has tried to contact these eyewitnesses to no avail. That may be so, but Plaintiff has had ample opportunity to do so. The Court reminds Plaintiff that it already instructed him as follows regarding requests to subpoena witnesses:

> Plaintiff also asks to have three witnesses subpoenaed. However, no trial has been set, so no subpoena for live witness testimony is necessary or warranted now. Plaintiff may wish to contact the three witnesses to obtain affidavits

(statements that are sworn or signed under penalty of perjury).  If so, he should do so before the time to respond to the summary-judgment motion is over.

*See* DN 25.  "Although Plaintiff is proceeding pro se, that does not excuse h[im] from h[is] duty to follow basic procedural requirements, such as complying with deadlines, especially when those deadlines have been extended several times." *Botwright v. U.S. Postal Serv.*, No. 08-12998, 2010 WL 1881447, at *1 (E.D. Mich. May 11, 2010) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Eglinton v. Loyer*, 340 F.3d 331, 335 (6th Cir. 2003); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

The Court further finds that given the multiple extensions of time for discovery Plaintiff has had it would be unfair to Defendant to postpone consideration of his summary-judgment motion to grant a hearing.  This is so especially in light of the fact that Defendant's motion for summary judgment (DN 21) argues five grounds:  (1) that Plaintiff should be considered to have abandoned this action; (2) that Plaintiff failed to exhaust his administrative remedies; (3) that Plaintiff has failed to prove an injury; (4) that there is no constitutional law violation; and (5) that Defendant is qualifiedly immune.  The requested eyewitnesses would not have any evidence regarding three of the five arguments Defendant puts forth for summary judgment.  "[A] plaintiff's entitlement to discovery before a ruling on a motion for summary judgment is not unlimited and may be cut off when the record shows that the requested discovery will not be likely to produce facts he needs to withstand a summary judgment motion.'" *Sullivan v. Aldi, Inc.*, No. 3:11CV-313-S, 2011 WL 6181398, at *2 (W.D. Ky. Dec. 13, 2011) (quoting *Netto v. Amtrak*, 863 F.2d 1210, 1216 (5th Cir. 1989)).  Accordingly,

**IT IS ORDERED** that Plaintiff's motion for a hearing (DN 34) is **DENIED**.

## II. <u>SUMMARY-JUDGMENT STANDARD</u>

The Court now turns to Defendant's argument that he is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  Because the Court finds, as set forth below, that Defendant is entitled to summary judgment on this basis, the Court will not address Defendant's other asserted grounds for summary judgment.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In a case such as this one where "the defendants in prisoner civil rights litigation [have] move[d] for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies."  *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citations omitted).  The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he has the burden of proof.  *Id*.  Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof.  *Id*.  If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

4

### III. <u>ANALYSIS</u>

The Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust all available administrative remedies before commencing an action with respect to prison conditions. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . ., or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The Supreme Court, interpreting § 1997e, has expressly stated, "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  In order "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  To exhaust a claim, a prisoner must proceed through all of the steps of a prison's administrative process. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).  The Supreme Court held in *Woodford v. Ngo*, 548 U.S. at 93, that failure to "properly" exhaust bars suit in federal court.  "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.  But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain relief," then the PLRA will not act as a barrier to suit. *Ross v. Blake*, — U.S. —, 136 S. Ct. 1850, 1858-59 (2016).

Requiring exhaustion serves two purposes.  First, it gives an agency "'an opportunity to correct its own mistakes with respect to the program it administers before it is haled into federal court,'" and it discourages "'disregard of [the agency's] procedures.'"  *Woodford v. Ngo*, 548 U.S. at 89 (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Second, exhaustion promotes efficiency.  *Id*.  This is because "[c]laims generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court."  *Id*.  The Sixth Circuit "requires an inmate to make affirmative efforts to comply with the administrative procedures" and analyzes "whether those efforts to exhaust were sufficient under the circumstances."  *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (citing *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 224 (6th Cir. 2011) (internal quotation marks and citation omitted)).  Generally, internal exhaustion requires an inmate to state his grievance with sufficient particularity so as "to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court."  *Mattox*, 851 F.3d at 591 (quotations omitted).

In support of his argument that Defendant is entitled to summary judgment because Plaintiff failed to exhaust, Defendant attaches the affidavit of Shannon Coomes, a lieutenant at DCDC.  She states that, in her position, she has access to booking, KIOSK/grievance, and medical records for DCDC inmates.  She avers that at all times pertinent to this lawsuit, there was a grievance procedure in place at DCDC and that the DCDC Inmate Handbook provides instruction to DCDC inmates who wish to grieve.  The affidavit explains that the grievance procedure's first step requires an attempt by the inmate to resolve the situation verbally.  The second step is to file a grievance form, and the final step is to file an appeal with the DCDC

Jailer.  She avers, "In order to exhaust all of the administrative grievance remedies available to an inmate at [DCDC], the inmate must appeal to Jailer Maglinger for a decision by the final authority within the institution."  She further avers that Plaintiff:

> filled out a grievance message with regard to his allegations as set forth in the Complaint . . . [but Plaintiff] did not attempt to resolve any issue through verbal communication with [Defendant] nor did he follow up with jail staff with regard to his grievance dated October 5, 2017.  He filed no appeal with regard to any response from jail staff.  Therefore, Plaintiff failed to exhaust the administrative remedies available to him prior to filing his lawsuit and failed to exhaust the grievance procedure in place at [DCDC] prior to filing his lawsuit.

Attached as an exhibit to the affidavit is a copy of the DCDC grievance procedure.  That procedure states in pertinent part, "In cases where inmate is not satisfied with initial response to grievance, inmate may appeal grievance to jailer . . . This appeal must occur within 48 hours of receipt by inmate response."

Thus, Defendant has provided affirmative proof that Plaintiff did not complete the grievance procedure.  Plaintiff, despite multiple opportunities to do so,[1] has not addressed the issue of exhaustion, and nothing in the record would support a contrary finding.  The Court finds that Defendant has carried his burden to show that he is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

---

[1] The Court gave Plaintiff three 30-day extensions of the time to respond to the summary-judgment motions. *See* DNs 23, 25, and 33.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court **GRANTS** Defendant's motion for summary

judgment (DN 21).

The Court will enter a separate Judgment dismissing this action.

Date:   September 23, 2020

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4414.009